Kathleen L. EDGE, Appellant,

v.

CITY OF OKLAHOMA CITY, Appellee.

No. M–87–101.

Court of Criminal Appeals of Oklahoma.

Aug. 22, 1988.

Kenneth C. Watson, Oklahoma City, for appellant.

Robert D. Allen, Municipal Counselor, Lora Jean D. Lenzsch, Asst. Municipal Counselor, Oklahoma City, for appellee.

OPINION

PARKS, Judge:

Kathleen L. Edge, appellant, was tried by jury and convicted of Driving Under the Influence of Alcohol, After Former Conviction (Count I), Transporting an Open Container of Beer (Count II), and Failure to Appear (Count III), in violation of City ordinances, in Case Nos. 85–840511X, 85–8405156, and 86–023026–8, in the Oklahoma City Municipal Criminal Court of Record, the Honorable Patrick O. Delaney presiding. The jury set punishment at incarceration for ninety (90) days and a Five Hundred ($500) Dollar fine for Count I, a One Hundred ($100) Dollar fine for Count II, and incarceration for thirty (30) days and a Two Hundred ($200) Dollar fine for Count III. Judgments and sentences were imposed in accordance with the jury's verdict. We affirm.

At approximately 6:00 p.m. on September 30, 1985, appellant made a U-turn at Southwest 33rd and South Walker in Oklahoma City and another car hit her. An accident investigator arrived and found appellant still sitting behind the wheel of her car. The officer observed an open can of beer on the console between the front seats. At trial, the officer testified appellant's breath and clothes smelled of alcohol, her eyes were bloodshot and her speech was slurred. The officer asked appellant to step from her car. Appellant could not walk without leaning on her car and failed a field sobriety test in which she was asked to walk a straight line. She admitted drinking half of a fifth of wine and that she drove the car. The officer arrested appellant, read the *Miranda* warning to her, and transported her to the city jail. Appellant volunteered to take a breathalyzer test at the jail and registered a blood alcohol level of 0.22.

Appellant raises one assignment of error: "The trial court erred when it allowed into evidence a statement by defendant Kathleen Edge without proof that she waived her Miranda rights and without determining whether warnings given her were complete." We note the procedural posture of this case. Appellant failed to file a motion to suppress her inculpatory statements. Appellant also failed to object when her inculpatory statements were offered into evidence through the testimony of the arresting officer. She has, therefore, waived all but fundamental error.

Appellant first argues that her inculpatory statements should have been excluded because she did not sign a waiver form. Waiver may be either written or oral. *North Carolina v. Butler,* 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286 (1979).

Appellant next argues that the police officer merely told her that "she had a right to remain silent, saying that anything you say can be used against you in a Court of Law and you have a right to an attorney," and this was not an adequate or complete apprisal of her constitutional rights. Brief of appellant at 8.

As previously mentioned, appellant failed to file a motion to suppress. The arresting officer was not voir dired on the exact warning given to appellant at the time of her arrest. The statement referred to in appellant's brief came during direct examination when the prosecutor asked the officer to give the jury an "idea of what Miranda rights are." The officer responded: "It merely states that you do have the right to remain silent, saying that anything you do say can be used against you in a court of law and it appraises you of your right to an attorney." (Tr. at 36). Thus, the statement was introduced for the purpose of educating the jury and not for the purpose of revealing the exact warning giv-

en to appellant at the time of her arrest. Moreover, none of the inculpatory statements admitted into evidence at trial were made after appellant's arrest. All the inculpatory statements arose during a routine traffic stop prior to appellant's arrest. Neither appellant nor the City note this critical distinction.

Dispositive of this appeal is *Berkemer v. McCarty,* 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). In *Berkemer,* the Supreme Court found that "persons temporarily detained pursuant to [routine traffic] stops are not 'in custody' for the purposes of *Miranda.*" *Id.* at 440, 104 S.Ct. at 3150. Appellant was not taken into custody for the purposes of *Miranda* until the officer arrested her. *Id.* at 441–42, 104 S.Ct. at 3151–52. Consequently, the statements made prior to her arrest were admissible against her. *Id.* at 442, 104 S.Ct. at 3152.

Here, the statements were made at a routine traffic accident investigation. Investigation of a minor collision is a routine traffic stop more analogous to a so-called *Terry* stop than to a formal arrest. *Id.* at 439, 104 S.Ct. 3150. Appellant was not subjected to custodial interrogation at the scene. "[A] single police officer asked [appellant] a modest number of questions and requested [she] perform a simple balancing test at a location visible to passing motorists. Treatment of this sort cannot fairly be characterized as the functional equivalent of formal arrest." *Id.* at 442, 104 S.Ct. at 3151.

We find no fundamental error in admitting appellant's inculpatory statements at trial, and the judgments and sentences should be, and hereby are, AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.